PAULSEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 7, 1912.)

No. 2,114.

1. COMMERCE (§ 47*)—WHITE SLAVE TRAFFIC ACT—CONSTITUTIONALITY.

The act of Congress known as the "White Slave Traffic Act" (Act June 25, 1910, c. 395, 36 Stat, 825 [U. S. Comp. St. Supp. 1911, p. 1343]), is constitutional.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 26; Dec. Dig. § 47.*]

2. COMMERCE (§ 82*)—OFFENSES—TRANSPORTATION FOR PROSTITUTION—EVIDENCE—SUFFICIENCY.

Evidence in prosecution under the "White Slave Traffic Act" (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]), held to sustain a finding that accused transported women for the purpose of prostitution.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 47; Dec. Dig. § 82.*]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington.

Nels Paulsen and another were convicted of violating the "White Slave Traffic Act," and they bring error. Affirmed.

Revelle, Revelle & Revelle, of Seattle, Wash., for plaintiffs in error.

W. G. McLaren, U. S. Atty., and Louis E. Shela, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The plaintiffs in error were convicted of a violation of the act of Congress known as the "White Slave Traffic Act" (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]), and sued out this writ of error to review the judgment of the District Court entered upon the verdict.

[1] Only two points are made in support of the writ, the first being that the act of Congress is unconstitutional, and the second that the evidence was insufficient to support the verdict; and in respect to the second the counsel for the plaintiffs in error expressly concede that the sole question of fact is whether the evidence sufficiently shows the intent with which the women were procured and transported. The first point is answered by a recent ruling of this court against the position of the plaintiffs in error, and the second may be almost as briefly disposed of.

[2] The indictment charged the defendants to it with procuring the transportation as passengers in interstate commerce of four certain named women from the city of Seattle, in the state of Washington, to the city of Burke, in the state of Idaho, for the purpose of prostitution. The evidence shows that Burke is a small mining town in the mining regions of Idaho, situated in a gulch between the mountains, and is chiefly inhabited by miners; that the plaintiffs in error

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were the proprietors of a dance hall which they conducted in the town; that in and on one side of the hall was a bar, and on the other side was partitioned off a small restaurant containing three tables, and in the rear end of the hall and opening directly into it were small rooms, each fitted up with a bed, stove, and bureau, for the use of the women, and into which they solicited the men who went to the hall. Among other things the government introduced a telegram, sent by the plaintiff in error Laura Paulsen, who had gone from Burke to Seattle, to the other plaintiff in error at Burke, which telegram reads as follows:

"Seattle, Washington, December 7, 1910.

"Nels Paulsen, Burke, Idaho. Wire $50 at once for violin player. Can you use cornet player? If so, can get two more A No. 1. I would take him for a while I think. You can get him for three and the violin for three fifty. That will make four. Besides I am going to Everett in the morning for the others. R. is here. Will see her to-morrow morning. Answer in regard to cornet. "Mrs. Nels Paulsen."

One of the government inspectors testified that the defendants to the indictment admitted to him the sending by Nels and the receipt by Laura Paulsen of the money mentioned in the telegram, and that the initial "R.," mentioned therein, referred to the girl Ruth, and that the reference therein to Laura Paulsen's going to Everett for two more had reference to the women Mabel Bell and Jennie Smith, all three of whom, the evidence shows, were among the four procured and transported to Burke by the plaintiffs in error. The evidence showed that the women wore low-necked dresses, short skirts, and kimonos, received no wages, but a commission of 40 per cent. on each bottle of beer they sold to the men whom they solicited to their rooms, and $2 extra "if they had anything out of the way to do with the men."

In the face of such surroundings and uncontroverted facts, it is idle to contend that the evidence was insufficient to sustain the verdict, finding that the purpose for which the women in question were transported was that of prostitution.

The judgment is affirmed.